IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONNA ALLETA SIMS                                    PETITIONER

V.                           No.  12-2299

STATE of ARKANSAS                                    RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petition (ECF No. 1) filed November 30, 2012 and Amended Petition filed February 1, 2013

under 28 U.S.C. § 2254. No service was authorized therefore no Response has been filed.  The

matter is now ready for Report and Recommendation.

### I. Background

Parker and Sims were charged in the Circuit Court of Johnson County on February 9,

2010 in CR 2010-24 with two counts of Delivery of a Controlled Substance and one count of

Possession of a Controlled Substance with Intent to Deliver.  (See Exhibit A).  It appears that the

Defendant entered a plea of guilty to the offenses as charged on July 29, 2010 (Exhibit A and

ECF No. 1-3) to an agreed disposition of 60 months probation. (ECF No. 1-3).  Judgment was

entered on August 2, 2010 sentencing the Defendant to 60 months probation and certain fines

and costs. (Exhibit A and ECF No. 1-4).  The Petitioner filed a Motion for Sentence Modification

Dismissal of Charges and/or Time Served in the Circuit Court case on January 4, 2011. (See

Exhibit B).  The Circuit Judge denied the above motion on February 16, 2011 noting that the

motion was untimely pursuant to A.C.A. § 16-93-111. (See Exhibit C).  No appeal was ever

filed.

The Petitioners initially filed their pleading on November 30, 2012 entitling it an "Appeal of Sentence Out of Time".  John Willis Parker, Jr. and Donna Alleta Sims filed joint pleadings but there cases have been filed separately with Mr. Parker's case being 12-2298 and Ms. Sims' being 12-2299. The court entered an order directing that the pleading be considered a Habeas Action under 2254 and that the proper forms be sent to the Petitioners.  The clerk sent the forms to the Petitioners who completed the forms and returned them to the clerk on February 1, 2013. The pleadings have the same ECF numbers in both cases.

## II.  Discussion

### A.  Statute of Limitations:

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1);     *Walker v. Norris*  436 F.3d 1026, 1029 (C.A.8 (Ark.),2006).

Subparagraph (B), (C), and (D) are not applicable and only (A) has any relevancy to the

Petitioners claims.

**1.  Time Limit**

The running of the statute of limitations for purposes of § 2244(d)(1)(A) "is triggered ...

by the conclusion of all direct criminal appeals in the state system followed by the expiration of

the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th

Cir.1998), cert. denied, 525 U.S. 1187, 119 S.Ct. 1133, 143 L.Ed.2d 126 (1999); *see also Nichols*

*v. Bowersox*, 172 F.3d at 1071-72.

In the present case the Petitioners entered a plea of guilty to the charges on July 29, 2010

and the Judgment was recorded on August 2, 2010. Under Arkansas law when the Petitioners

entered a plea of guilty they waived their right to appeal.  *See Redding v. State*, 293 Ark. 411,

738 S.W.2d 410 (1987), and A.R.Cr.P. Rule 36.1.

The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection.  28 U.S.C.A. § 2244 .  The Petitioner had

90 days from the date of entry of Judgment to bring his claim under Rule 37 for a collateral

attack on the judgment (Ark. R. Crim. P. 37.2(c)) but no Rule 37 Motion was filed by either

Petitioner.

The result is that the limitations date in the Petitioners case is August 2, 2011 and since

the Petitioners did not file the current Motions until November 2012 their action is barred unless

they can show that they are entitled to Equitable Tolling.

**2.  Equitable Tolling:**

A prisoner whose petition is belatedly filed may take advantage of equitable tolling

where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).

The court first notes that neither of the Petitioners were in custody but plead to probation and a fine.  They had ready access to libraries and research material as well as legal assistance. While the Petitioners were initially appointed an attorney to represent them they retained their own attorney prior to entering their plea. (Exhibit A).

Petitioner Sims seems to assert that she had medical problems and therefore was not able to timely pursue her Habeas claim. (ECF No. 4, p. 18).  The medication log provided to the court, however, establishes that Petitioner Sims took no medication prior to January 2012 which was beyond the statutory time. (ECF No. 1-10).  Likewise, the medical records that Petitioner Sims attached both post date the expiration of the limitations period. (ECF No. 1-11).  Petitioner Parker offers no explanation for his failure to file a timely petition except lack of knowledge. (Id.)

Most compelling is that both Petitioners filed a "Motion for Sentence Modification Dismissal of Charges and/or Time Served" in the State Circuit Court on January 4, 2011.  This

Motion sets forth all of the same allegations that the Petitioners make in their Habeas petition. (Exhibit B).  This was eight months before the expiration of the federal limitations period.

There are no extraordinary circumstances that prevented the Petitioners from filing a timely federal Habeas action and therefore the Petitions should be dismissed with prejudice because they are not timely.  Even if the Petitioners' claims were not barred by the statute of limitations they failed to exhaust their state court remedies.

**B.  Failure to Exhaust State Court Remedies:**

Before bringing his claims to this Court, a petitioner must have presented his claims in state court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). The Eighth Circuit has explained that "A prisoner seeking a writ of habeas corpus from a federal court must first fairly present his claims to the state courts in order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)." We have held repeatedly that a claim has not been fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas petition have been properly raised in the prisoner's state court proceedings. We have also held that a claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Krimmel v. Hopkins*, 56 F.3d 873, 875-76 (8th Cir.1995) (*citing Forest v. Delo*, 52 F.3d 716, 719 (8th Cir.1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.1995); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir.1993)) (citations omitted). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to " 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim *before the state courts.' " McCall*

*v. Benson*, 114 F.3d 754, 757 (8th Cir.1997) (quoting *Myre* v. Iowa, 53 F.3d 199, 200-01 (8th Cir.1995) (quoting *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir.1988))). *Johnson v. Norris*, 2007 WL 2343883, 6 (E.D.Ark.) (E.D.Ark.,2007)

The Supreme Court has stated that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir.1987) (citing *448 *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969)).*Reid v. U.S.* 976 F.2d 446, 447 -448 (C.A.8 (Mo.),1992).

In addition the Petitioners claims have no merit.

**C.  Individual Claims Lack Merit:**

**1. Illegal Search**

The Petitioners contend that the search was illegal  (ECF No. 4, p. 6) and that there was no probable cause to obtain a search warrant (ECF No. 4, p. 11), and the Documents of the search were defective because no itemized list of items seized was given to the Petitioners.

The court does not have the search warrant or the affidavit in support of the search warrant but, regardless, the Petitioner's entered a plea of guilty to the charge. "A voluntary plea of guilty waives all non-jurisdictional defects ." *United States v. Petrngelo*, 599 F.2d 261 (8th Cir.1979). The state court judgment specifically states that the Petitioners "voluntarily, intelligently, and knowingly" entered a plea of guilty.  (ECF No. 1-4, p. 1).  ) [A] state court's conclusion regarding a defendant's competency is entitled to such a presumption [of correctness]. *Demosthenes v. Baal*, 495 U.S. 731, 735, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990).  The

Petitioners pleas of guilty were voluntary and they are therefore barred from challenging the validity of the search and seizure. *See Johnson v. Petrovsky*, 626 F.2d 72, 73 (8th Cir.1980) (a voluntary guilty plea precludes a petitioner from challenging the constitutionality of a search and seizure). *U.S. v. James*  2002 WL 1770766, 2 (D.Neb.) (D.Neb.,2002)

### 2.  Ineffective Assistance of Counsel

The Petitioners contend that their retained counsel was ineffective because they only saw him on two occasions and he would not file a motion for return of property. (ECF No. 4, p. 6).

The infrequency of counsel's visits, standing alone, does not establish ineffective assistance of counsel. See *Carbo v. United States*, 581 F.2d 91 (5th Cir.1978); *Woodard v. Beto*, 447 F.2d 103 (5th Cir.1971). *Lewis v. State,*  1986 WL 11334, 1 (Ark.) (Ark.,1986).  Petitioner s statement was conclusory, and there were no facts to show that more visits would have somehow benefitted Petitioner.  *See Dansby v. State*  350 Ark. 60, 64, 84 S.W.3d 857, 860 (Ark.,2002).

As pointed out above the Petitioners did not file any Rule 37 within the statutory time of 90 days.  In their Motion for Sentence Modification Dismissal of Charges and/or Time Served (Exhibit B) they did attempt to raise ineffective assistance claims. (Id., p. 3).  The Circuit Court correctly dismissed this claim as untimely. (Exhibit C).  The Arkansas Supreme Court has stated that "inasmuch as the time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, a circuit court cannot grant relief on an untimely petition". *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996); *Hamilton v. State*, 323 Ark. 614, 918 S.W.2d 113 (1996); *Harris v. State,* 318 Ark. 599, 887 S.W.2d 514 (1994); *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989); *Hill v. State,* 340 Ark. 248, 249, 13 S.W.3d 142, 142 - 143 (Ark.,2000).

Also, as pointed out above, the Petitioners had one year within which to pursue federal

habeas relief but failed to do so.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this March , 2013

_/s/ J. Marschewski_
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE